IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS  CRIMINAL NO. 1:07cr44WJG-JMR-2
CIVIL ACTION NO. 1:09cv140WJG-JMR

BRIAN KEITH GRAY

O R D E R

THIS CAUSE comes before the Court on motion [54] of Defendant Brian Keith Gray to vacate and set aside or correct his previously imposed sentence pursuant to 28 U.S.C. § 2255. The Petition filed February 2, 2009, contends that his counsel, Omar L. Nelson, was ineffective because he did not file a motion to suppress evidence which Gray claims was obtained in violation of his constitutional rights prior to the entry of his plea. (Ct. R., Doc. 54, pp. 4-5, 8.) Gray claims that federal agents searched his residence without a warrant or exigent circumstances. (*Id*., p. 4.) He also claims that his sentence was in violation of the sentencing guidelines because the court applied a drug quantity level of 32, and a criminal history category of III. (*Id*., p. 7.) Gray argues that his prior convictions were expunged which should reduce his criminal history category, and that the evidence establishes his possession of 2kilograms but less than 3.5 kilograms of cocaine, resulting in the error in his sentencing. (*Id*.)

Gray claims that Nelson did not argue at sentencing that the drug quantity was incorrect and said nothing about Gray's criminal history category. (*Id*.) Nelson submitted an affidavit in

which he avers that he advised Gray of the contents of the presentence report [PSR] which outlined the investigation conducted prior to the indictment, and his link to the co-conspirator in this case. (Ct. R., Doc. 58, p. 1.) According to Nelson, Gray was at the home of Clara Gray, his mother, on the date of his arrest. (*Id*., p. 2.) Mrs. Nelson consented to the search of her home that day, and given this information, Nelson determined that filing a motion to suppress the evidence collected at Gray's mother's house would be futile. (*Id*.)

Gray and co-defendant Edmond C. Brown a/k/a Nicky a/k/a Nikki were charged in a five-count Indictment on July 25, 2007. (Ct. R., Doc. 19.) The Indictment included charges against Gray in Count 1for conspiracy to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride and 50 grams or more of a mixture of substance containing a detectable amount of cocaine base, commonly known as "crack", as prohibited by 21 U.S.C. § 841(a)(1). (Ct. R., Doc. 19, p. 1.) He was also charged in Count 4 of the Indictment with knowingly and intentionally possessing with the intent to distribute more than 500 grams of a mixture containing cocaine hydrochloride and in the forfeiture count listed in count five of the indictment. Finally, Gray was included in the Forfeiture Count, Count 5. (*Id*., pp. 2-3.)

Gray pleaded guilty to Counts 4 and 5 of the Indictment on October 10, 2007, pursuant to Memorandum of Understanding [MOU]. (Ct. R., Doc. 35.) The maximum sentence for the crime charged in Count 4 is not less than 5 years and up to 40 years in federal prison, to be followed by a term of at least 4 years supervised release and/or a fine of up to $2,000,000.00. (Ct. R., Doc. 55, p. 10.)

Defendant's Sentencing was held February 4, 2008. (Ct. R., Doc. 56.) Gray submitted objections to the PSR which included an objection regarding the amount of drugs attributed to Gray in the PSR. That objection was overruled, after an acknowledgment by Gray concerning part of the evidence supporting the drug quantity. (Ct. R., Doc. 56, pp. 3-7.) Gray also objected to the criminal history. (*Id*., p. 7.) The Court overruled the objection to the criminal history attributable to Gray. (*Id*., p. 9.) Gray was sentenced to 135 months imprisonment, 5 years supervised release, a special assessment of $100, and the fine was waived. (Ct. R., Doc. 43, pp. 2, 5.) All other counts of the Indictment were dismissed. (*Id*., p. 1.)

Gray advances four grounds for relief in his *habeas* petition. (Ct. R., Doc. 54.) First, he claims the conviction was attained by using unconstitutionally gained evidence, because a residence was searched without a search warrant. (*Id*., p. 4.) Any failure to object to the admission of the evidence seized from Mrs. Gray's house did not prejudice Gray's defense as there is no evidence that the search was warrantless or that Gray had a legitimate expectation of privacy in his mother's home. *See Minnesota v. Carter,* 525 U.S. 83, 91 (1998). The Court finds no grounds to grant *habeas* relief based on this assertion.

Gray also claims his conviction was obtained in violation of the sentencing guidelines, which is not a cognizable claim in a § 2255 petition, barring extraordinary circumstances. *United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir. 1994). Extraordinary circumstances do not exist in this case, and the Court finds no reason to grant habeas relief on this ground. He makes two arguments that he received ineffective assistance of counsel, claiming that Nelson did not file a proper motion to suppress pretrial, and that Nelson did not argue at sentencing that the drug

quantity attributed to Gray was incorrect or that his criminal history was improperly applied. (Ct. R., Doc. 54, pp. 5, 8.)

Nelson argued at sentencing that the base offense level should be adjusted to reflect the actual amount of narcotics which were in Gray's possession at the time of his arrest. (*Id.*) Gray admitted to the agents that he sold four additional kilograms of cocaine in three years, which the United States used as part of the total drug quantity attributed to Gray. (*Id.*) Nelson also objected to the base offense level in Count 4 of the Indictment asserting that Gray's cooperation with the United States should be relevant to quantity of drugs attributed to Gray. (*Id.*, pp. 2-3.) In the affidavit presented to the Court in response to this motion, Nelson avers that he discussed with Gray the details of the criminal charges pending against him. (Ct. R., Doc. 58, p. 1.)

In addition, Nelson objected to the criminal history score in the PSR. (*Id.*, p. 3.) The objection was based on the contention that each of the prior convictions were misdemeanor offenses. (*Id.*) Gray argues that the convictions should be excluded because they were expunged from his record. Sentences for expunged convictions are usually not counted in calculating criminal history points under the United States Sentencing Guidelines [U.S.S.G.]. U.S.S.G. § 4A1.2(j). For purposes of calculating criminal history in this Circuit, however, a conviction considered expunged for purposes of U.S.S.G. § 4A1.2(j) is not included under the criminal history only if the expungement was due to innocence or errors of law. *See United States v. Ashburn,* 20 F.3d 1336, 1342 (5th Cir. 1994), *cert. denied* 514 U.S. 1113 (1995). The Court finds no error in the treatment of Gray's criminal history at sentencing and no merit to Gray's *habeas* petition on this ground.

To prevail on an ineffective assistance of counsel claim under *Strickland*, the defendant must prove (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As more recently explained by the United States Supreme Court:

> To establish ineffectiveness, a defendant must show that counsel's representation fell below an objective standard of reasonableness. To establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Williams v. Taylor*, 529 U.S. 362, 390-1 (2000) (citations omitted).

In the context of a guilty plea, in order to satisfy the prejudice requirement of the second *Strickland* prong "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). The prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill,* 474 U.S. at 59. Gray "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied* 531 U.S. 919. Unfortunately for Gray, the record establishes anything but this standard.

In this case, Gray stated on the record during his plea hearing that he had no complaints with Nelson's representation as of that date, and that an adequate amount of time was spent with him prior to the plea hearing. (Ct. R., Doc. 55, pp. 5-6.) He further stated on the record that he

was not threatened, forced, or in any other way coerced to enter a plea of guilty, and that he freely and voluntarily sought to enter the plea. (*Id.*, p. 10.) Finally, after the charges and the factual basis for those charges were summarized, Gray stated he agreed with the summary and was in fact guilty of the charges. (*Id.*, pp. 14-15.)

The Court finds no merit to Gray's attempt to attack Nelson's professional competence and further finds no reason to conclude that "but for" Nelson's performance and advice Gray was convicted of a crime in which he had no involvement. The Court concludes that Gray fails to meet the first prong of *Strickland* in this claim, and has not shown that Nelson's performance was deficient. Furthermore, Gray failed to make the requisite showing that his defense was prejudiced by Nelson's actions. *Strickland*, 466 U.S. at 694. Gray cannot establish how Nelson was ineffective, other than to contend that he should have received a lesser sentence. Accordingly, the Court finds no grounds for granting *habeas* relief on Gray's claims.

ORDERED that Gray's motion to vacate [54] the previously imposed sentence be, and is hereby, denied. It is further,

ORDERED that this cause be dismissed with prejudice.

SO ORDERED AND ADJUDGED this 23rd day of October, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE